**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**



| | | |
|---|---|---|
| **TIGI LINEA CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | **LEAD CASE 4:19-cv-00840-RWS-KPJ** |
| | § | |
| **v.** | § | **CONSOLIDATED CASE 4:20-cv-087** |
| | § | |
| **PROFESSIONAL PRODUCTS GROUP,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff TIGI Linea Corp.'s ("TIGI") Motion for Leave to File Second Amended Complaint (the "Motion"). *See* Dkt. 142. On January 11, 2021, Defendant Professional Products Group, LLC ("PPG") filed its response (Dkt. 149), to which TIGI filed a reply (Dkt. 151) and PPG filed a sur-reply (Dkt. 152). Having considered the arguments and applicable authorities, the Court finds the Motion (Dkt. 142) is hereby **GRANTED**.

## I.      BACKGROUND

The present lawsuit concerns a business relationship between PPG and TIGI. TIGI is a manufacturer and seller of hair care, body, cosmetic, and electrical appliance products throughout the world. *See* Dkt. 1 at 2. PPG is a distributor of professional hair care products to retailers, distributors, and wholesalers. *See* Dkt. 49 at 5. PPG has acted as a distributor of TIGI products on behalf of TIGI. *See id.* at 1, 6.

On November 15, 2019, TIGI filed suit against PPG. *See* Dkt. 1. That same day, TIGI remitted a letter to PPG, wherein TIGI terminated the "Exclusive Agreement" between the parties (the "Termination Letter"). *See* Dkt. 11-5. Despite TIGI's termination of the Exclusive Agreement, TIGI has continued to supply PPG with TIGI products for distribution. *See* Dkt. 67.

Discovery has been ongoing for over a year and has involved multiple protracted disputes. *See* Dkt. 146, 153, 160, 163. The present dispute concerns TIGI's Motion, wherein TIGI seeks leave to amend its complaint to add a single additional cause of action for fraud by nondisclosure, which relies on the same underlying factual allegations as TIGI's claim for fraud (Count I). *See* Dkt. 142 at 2.

## II.     LEGAL BACKGROUND

Rule 16(b) governs the amendment of pleadings once a scheduling order has been issued by the court. *S & W Enters., LLC v. South Trust Bank of Ala, NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Only upon the movant's demonstration of good cause will the more liberal standard of 15(a) apply to the district court's decision to grant or deny leave." *Id.* "The good cause standard requires the '[p]arty seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.*

Courts will "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999). Where a party seeks leave to amend after the filing of a motion for summary judgment, "there is likely to be disruption to the proceedings and prejudice to the other party. *Conklin v. Novartis Pharms. Corp.*, No. 9:11-cv-178, 2012 WL 4127295, at *5 (E.D. Tex. Sept. 18, 2012) (citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992)).

An amendment under Rule 16(b) requires the court to consider four factors: (1) the explanation for the failure of the party to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters.*, 315 F.3d at 536. If the movant satisfies the requirements of Rule 16(b), the court must next determine whether to grant leave to amend under

2

the more liberal standard of Rule 15(a)(2).

Rule 15(a) provides that, at any time before a responsive pleading is served, a party may amend its pleading once without seeking leave of court or the consent of the adverse party. FED. R. CIV. P. 15(a). However, after a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires," "evinc[ing] a bias in favor of granting leave to amend." *Id.*; *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). On a motion to dismiss, "[t]he court should also give the plaintiff an opportunity to amend his complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995); *see Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (citations omitted).

Whether to allow amendment "lies within the sound discretion of the district court." *Little*, 952 F.2d at 845-46. A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    ANALYSIS

### A.  RULE 16(b)

TIGI filed the Motion on December 23, 2020. *See* Dkt. 142. The first Amended Scheduling Order required TIGI to amend its complaint by July 1, 2020. *See* Dkt. 75 at 1. Therefore, TIGI must satisfy Rule 16(b)'s good cause standard and demonstrate that it could not reasonably have complied with this deadline despite exercising diligence. FED. R. CIV. P. 16(b); *see S & W Enters.*, 315 F.3d at 536. Only upon TIGI's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply. FED. R. CIV. P. 15(a); *see S & W Enters.*, 315 F.3d at 536.

TIGI does not address Rule 16(b)'s good cause standard; however, the grounds on which it relies in the Motion and the Reply in Support provide enough information and argument for the Court to apply the pertinent four-factor test. *See* Dkts. 142, 151; *Mallory v. Lease Supervisors, LLC*, No. 3:17-CV-3063-D, 2019 WL 3253364, at *2 (N.D. Tex. July 19, 2019) (finding that while a court typically denies a motion to amend when it does not address the 16(b) standard, it can make exceptions when the grounds on which a party relies to establish good cause are relatively clear); *Nieves v. John Bean Techs. Corp.*, No. 3:13-CV-4059-D, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (finding that though a party "neither identifie[d] the correct standard nor cite[d] Rule 16(b)(4) in her brief . . . the grounds on which she relie[d] enable[d] the court to apply the pertinent four-factor test.").

An amendment under Rule 16(b) requires the Court to consider four factors: (1) the explanation for the failure of the party to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters.*, 315 F.3d at 536. Applying this four-factor

balancing test, the Court finds that TIGI has shown good cause to amend its First Amended Complaint under Rule 16(b).

### 1. Explanation

TIGI provides a sufficient explanation for its failure to move for leave within the deadline. Though PPG argues TIGI knew of the issues presented in the Motion following interrogatory responses and production of documents in May of 2020 (*see* Dkt. 149 at 2), TIGI contends that its fraud by nondisclosure claim arose only after assessing PPG's document production and understanding that PPG had "no further documents to produce" regarding disclosure of the Agreement and the circumstances of its execution. *See* Dkt. 151 at 2.

Further, TIGI notes it filed the Motion immediately following the Court's resolution of PPG's motion to dismiss TIGI's First Amended Complaint. *See* Dkt. 142 at 3. TIGI contends it waited for a final ruling on the motion to dismiss, as the motion was "sought to test the sufficiency of [the] factual allegations under Rule 9(b)," and the present amendment "is predicated on substantially the same underlying facts as TIGI's common-law fraud claim." *Id.* The ongoing discovery production and disputes, as well as the pendency of dispositive motions in this case, are sufficient explanation for TIGI not moving for the amendment until after the deadline. *See Marbot v. Pho Chateau Dallas LP*, No. 3:14-CV-1339-M, 2015 WL 13469922, at *1 (N.D. Tex. Sept. 18, 2015) (finding good cause where party missed amendment deadline because he did not discover the basis for amending until after the deadline due to pending discovery disputes); *Rivera v. Kirby Corp.*, No. 3:17-CV-111, 2018 WL 722591, at *3 (S.D. Tex. Feb. 6, 2018) (granting leave to amend after deadline had expired even though issues relevant to the motion to amend were raised in a previous discovery dispute because the "overall circumstances" of the discovery dispute, the pleadings in the case, and the length of time before the close of discovery weighed in favor of

granting motion to amend). Thus, the first factor weighs in TIGI's favor.

### 2. Importance

The Court further finds that the proposed amendment is important. Here, the new cause of action, fraud by nondisclosure, may establish PPG's liability under an alternative theory. *See Rangel v. Gonzalez Mascorro*, No. CV L-10-103, 2011 WL 13353220, at *3 (S.D. Tex. Aug. 19, 2011) (finding defendants' liability under an alternative theory weighs in favor of finding good cause). Beyond contending the amendment would be futile, PPG does not argue the proposed amendment is unimportant. *See* Dkts. 149, 152. As such, this factor weighs in favor of TIGI.

### 3. Prejudice and Cure

Finally, the third and fourth factors applicable under Rule 16(b) also weigh in favor of granting the Motion. The prejudice to PPG will be minimal. Adding a single cause of action for fraud by nondisclosure is the only critical change being made to the First Amended Complaint, which relies on the same underlying factual allegations as TIGI's claim for fraud. *See* Dkt. 142 at 2. Here, TIGI moved to amend more than four months before the close of discovery, so PPG is unlikely to be prejudiced in this regard. *See* Dkt. 165; Dkt. 142; *Public Health Equip. & Supply Co. v. Clarke Mosquito Control Prod., Inc.*, 410 F. App'x 738, 741 (5th Cir. 2010) (finding, where the plaintiff moved to amend four months before close of discovery, the defendants would not have been prejudiced if the district court had allowed the plaintiff to amend its complaint). Additionally, discovery deadlines were recently extended on joint motion by both parties. *See* Dkt. 165. Further, PPG does not contend that it will be unable to complete required discovery or to respond to TIGI's amended complaint by the trial setting. *See Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 3612124, at *4 (N.D. Tex. July 6, 2016) (finding no prejudice where opposing party did not take issue with additional discovery required or argue he was unable

to prepare a response by trial).

Even if prejudice results from allowing TIGI to amend its First Amended Complaint, the Court has sufficient tools at its disposal to cure such prejudice. Specifically, the Court can consider modifying the scheduling order to provide additional opportunities for limited discovery and dispositive motions. *See Rangel*, 2011 WL 13353220, at *3; *Marbot*, 2015 WL 13469922 at *2. Thus, the last two factors weigh in favor of granting the Motion.

For the reasons set forth above, the Court finds all four factors weigh in favor of finding of good cause exists under Rule 16(b). The Court now considers whether TIGI has satisfied the more lenient Rule 15(a) standard.

### B.  RULE 15(a)

As stated by the Fifth Circuit, the "discretion" to grant leave to amend a complaint "may be a misleading term." *See Dussouy*, 660 F.2d at 597. In practice, Rule 15(a) "severely restricts the judge's freedom," for "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 597–98 (citations omitted). "As outlined by the Supreme Court, [courts in the Fifth Circuit] examine[] five considerations to determine whether to grant a party leave to amend a complaint: [1] undue delay, [2] bad faith or dilatory motive, [3] repeated failure to cure deficiencies by previous amendments, [4] undue prejudice to the opposing party, and [5] futility of the amendment." *Smith*, 393 F.3d at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, in the Fifth Circuit, amendments that merely propose alternative legal theories for recovery on the same underlying facts should generally be permitted to advance Rule 15(a)'s policy of "promoting litigation on the merits." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). PPG contends that TIGI cannot meet the 15(a)

standard on two grounds: (1) TIGI has unduly delayed in seeking the amendment; and (2) the amendment would be futile. *See* Dkt. 149 at 2, 5.

PPG first argues TIGI has unduly delayed in seeking the amendment because TIGI knew of the issues presented in the Motion seven months before the proposed amendment. *See* Dkt. 149 at 2. However, TIGI contends the document purporting to give it such knowledge was a single, non-descript email amongst thousands of others and dated three years after the date upon which TIGI believed the Agreement to have been executed. *See* Dkt. 151 at 3–4. Further, TIGI states that since filing its First Amended Complaint, PPG has produced nearly 28,000 pages of discovery. *See* Dkt. 151 at 2. Given Rule 15(a)'s policy of generally promoting litigation on the merits, the Court finds that TIGI has not unduly delayed in seeking the amendment. *See Mayeaux*, 376 F.3d at 427.

PPG also argues TIGI's request for leave under the Rule 15(a) standard should be denied because the amendment would be futile. *See* Dkt. 149 at 6-8; Dkt. 152 at 3-4. The Fifth Circuit has interpreted futility to mean that the "amended complaint would fail to state a claim upon which relief could be granted" under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir 2000). PPG contends that TIGI has not alleged a confidential or fiduciary relationship between the parties that is required for a fraud by nondisclosure claim under Texas law, to the extent Texas law applies.[1] *See* Dkt. 149 at 5. However, PPG concedes that some Texas intermediate courts of appeal have held that a duty to disclose may exist when the defendant voluntarily discloses some information, and in doing so, creates a duty to disclose the whole truth, as alleged by TIGI here. *See* Dkt. 142 at 5–6; Dkt. 149 at 7; *see also Capital One, Nat'l Ass'n v.*

---

[1] PPG notes that it reserves its rights to challenge TIGI's claim for fraud by non-disclosure based on Florida substantive law if the Court grants the Motion. *See* Dkt. 149 at 5. PPG does not, however, present argument on such a challenge in its briefing on the present Motion. *See id.*

*Eximus Invs. Txark. L.L.C.*, No. 5:08-CV-187 (DF), 2009 WL 10707335, at *2 (E.D. Tex. Sept. 4, 2009) (finding under Texas law, "when one voluntarily discloses information, he has the duty to disclose the whole truth and the duty to supplement and correct when the previously disclosed information becomes erroneous or creates a false impression"). The Fifth Circuit has acknowledged that Texas courts are split as to whether a duty to disclose exists absent a confidential or fiduciary relationship and, thus far, has declined to decide the issue. *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 566 (5th Cir. 2005). Under the low threshold with which courts evaluate dismissal under Rule 12(b)(6), and resolving any doubt in favor of TIGI, the Court finds that TIGI has sufficiently alleged a claim for fraud by nondisclosure against PPG capable of surviving dismissal.

Having considered the parties' arguments, the Court finds no evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. Moreover, the presumption in favor of granting parties leave to amend supports the Court's decision to grant TIGI leave to file its Second Amended Complaint. *See Earl v. Boeing Co.*, No. 4:19-CV-507, 2020 WL 5993785, at *3 (E.D. Tex. Oct. 9, 2020).

## IV.    CONCLUSION

Upon consideration, the Court finds TIGI's Motion for Leave (Dkt. 142) is hereby **GRANTED**.

Plaintiff's Second Amended Complaint (Dkt. 143) is, therefore, deemed filed and the live pleading in this matter.

**So ORDERED and SIGNED this 6th day of April, 2021.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

9