IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TIGI LINEA CORP.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | LEAD CASE 4:19-cv-840-RWS-KPJ |
| v. | § | CONSOLIDATED CASE 4:20-cv-87 |
| | § | |
| **PROFESSIONAL PRODUCTS GROUP,** | § | |
| **LLC** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is non-party Ollie's Bargain Outlet, Inc.'s ("Ollie's") Motion to Quash Subpoena and Objection (the "Motion") (Dkt. 163). On March 31, 2021, TIGI Linea Corporation ("TIGI") filed a response in support of Ollie's Motion, and Professional Products Group, LLC ("PPG") filed a response in opposition to Ollie's Motion. *See* Dkts. 166, 167. Ollie's then filed a reply (Dkt. 169), to which TIGI filed a sur-reply (Dkt. 171). On April 21, 201, the Court held a hearing (the "Hearing"), during which it briefly discussed the Motion with the parties. *See* Dkt. 179.

Having considered the arguments and applicable authorities, the Court finds Ollie's Motion (Dkt. 163) is hereby **DENIED**.

### I. BACKGROUND

The Court has extensively recounted the facts of this case in *TIGI Linea Corp. v. Professional Prods. Grp., LLC*, Nos. 4:19-cv-840, 4:20-cv-87, 2021 WL 1947341 (E.D. Tex. May 14, 2021). Accordingly, the Court only relays the facts pertinent to the pending Motion.

On December 23, 2020, TIGI filed a Second Amended Complaint against PPG, wherein TIGI asserts claims of fraud, fraud by nondisclosure, aiding and abetting, and civil conspiracy. *See*

1

Dkt. 143. PPG filed Counterclaims against TIGI, asserting claims of breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference, and fraud. *See* Dkt. 89. Since March 3, 2020, the parties have been engaged in discovery. *See* Dkt. 35.

On February 11, 2021, PPG obtained from this Court a subpoena *duces tecum* (the "Subpoena") requesting Ollie's, a non-party, to produce twelve categories of documents (the "Requests"). *See* Dkt. 163-1. The Subpoena required Ollie's to furnish the requested documents via mail or email. *Id.* at 2. If Ollie's chose to mail the documents, the Subpoena directed Ollie's to send the documents to an address in Fort Lauderdale, Florida. *Id.* Fort Lauderdale is located in the Southern District of Florida. On February 15, 2021, PPG served Ollie's the Subpoena, and pursuant to the Subpoena's instructions, Ollie's was to furnish the requested documents by February 25, 2021.[1]

Ollie's represents that, on February 25, 2021, it complied with nine of the twelve Requests. *See* Dkt. 169 at 1. Ollie's further represents it served objections to Requests 8, 9, and 10 on February 25, 2021. *See id.*

On March 25, 2021, Ollie's filed the pending Motion (Dkt. 163), wherein it objects to all twelve Requests, despite representing it has already substantially complied with Requests 1 through 7 and 11 through 12. *See* Dkt. 169 at 1. In its Motion, Ollie's argues the Subpoena is "not geographically proper," as Ollie's is a Pennsylvania company with its principal place of business in Harrisburg, Pennsylvania. *See id.* at 1–2. Harrisburg is located in the Middle District of Pennsylvania.

---

[1] Though the Subpoena states the process server served Ollie's the Subpoena on February 15, 2020, the Court presumes the process server intended to write the year 2021, as the Subpoena states the Eastern District of Texas' Clerk of Court issued it on February 11, 2021. *Id.*

On March 31, 2021, TIGI filed a response in support of Ollie's Motion, and PPG filed a response in opposition to Ollie's Motion. *See* Dkts. 166, 167. Ollie's then filed a reply (Dkt. 169) and TIGI filed a sur-reply (Dkt. 171).

On April 21, 2021, the Court held a hearing (the "Hearing") during which it briefly discussed the Motion and other discovery disputes. Dkt. 179. During the Hearing, the Court instructed the parties to confer and then notify the Court if a dispute over the Subpoena remains. *See id.* On May 14, 2021, the parties filed a Joint Status Report (Dkt. 186), wherein they represent they have not been able to resolve the discovery disputes among them and pray that this Court rule on the Motion.

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a non-party to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. *See* FED. R. CIV. P. 45(a)(1)(A)(iii). A Rule 45 subpoena is subject to the parameters established by Rule 26, meaning the subpoena can only compel the production of nonprivileged documents that are relevant to the case and proportional to the case's needs. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018).

If the non-party wishes to resist compliance, it has three options: (1) ignore the subpoena, which may lead to a contempt citation under Rule 45(g); (2) serve a written objection within fourteen (14) days after the subpoena is served, or before the time specified in the subpoena for compliance, whichever is earlier; or (3) file a motion to quash or modify the subpoena in a "timely" manner, which ordinarily means filing the motion before the subpoena's date of compliance. *See* FED. R. CIV. P. 45(d)(2)(B), (d)(3); *Arthur J. Gallagher & Co. v. O'Neill*, No. 17-2825, 2017 WL 5713361, at *1–2 (E.D. La. Nov. 27, 2017) (discussing this issue in depth).

Additionally, Rule 45 distinguishes between the court issuing the subpoena (the "Issuing Court") and the court "in which compliance with the subpoena is required" (the "Compliance Court"). *See* FED. R. CIV. P. 45(a)(2), (d)(3), (f); *see Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-94-ALM-CAN, 2016 WL 9275972, at *2 (E.D. Tex. Oct. 25, 2016) (citations omitted).

Although the prior version of Rule 45 gave the Issuing Court jurisdiction over motions to quash, after the 2013 Amendment, Rule 45 states that the Compliance Court is responsible for matters relating to the enforcement of the subpoena, quashing the subpoena, and modifying the subpoena. FED. R. CIV. P. 45(d)(3); *Diamond Consortium*, 2016 WL 9275972, at *2. The 2013 Amendment divested the Issuing Court of its authority to address motions to quash unless: (1) it is also the Compliance Court; (2) the Compliance Court transfers the motion to the Issuing Court with the consent of the subpoenaed person or entity; or (3) the Compliance Court finds that exceptional circumstances warrant transfer. *See* FED. R. CIV. P. 45(d)(3), (f); *see Trover Grp., Inc. v. Dedicated Micro USA*, No. 2:13-cv-1047-WCB, 2015 WL 11117083, at *2 (E.D. Tex. Mar. 27, 2015). The Advisory Committee explains:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). But transfer to the court where the action is pending is sometimes warranted. . . .
>
> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and **it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions**. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

FED. R. CIV. P. 45 Advisory Committee's Notes to 2013 Amendment (emphasis added).

4

### III. ANALYSIS

Though the parties raise numerous arguments regarding the Subpoena, the briefings do not address one looming question: Whether this Court has the authority to quash the Subpoena. The answer is no.

Because the lawsuit is in this Court, the Issuing Court is the Eastern District of Texas, and all subpoenas relating to this action must be issued therefrom. *See Diamond Consortium*, 2016 WL 9275972, at *2. Therefore, Ollie's argument that the Subpoena is "not geographically proper" because it was issued from this Court, not the Middle District of Pennsylvania, misconstrues Rule 45. *See* Dkt. 163 at 1–2.

Because the Court is the Issuing Court, it is not empowered to quash or modify the Subpoena unless one of Rule 45's three exceptions applies. *See supra* Section II.

The first exception does not apply, as this Court does not hold status as both the Issuing Court and the Compliance Court. *See* FED. R. CIV. P. 45(d)(3), (f); *see Trover Group*, 2015 WL 11117083, at *2. Based on the briefings, the Compliance Court is the Southern District of Florida. *See* Dkts. 163, 167.

The second exception does not apply, as it requires that (a) the Motion be transferred from the Compliance Court and (b) Ollie's consent to the transfer. *See* FED. R. CIV. P. 45(d)(3), (f); *see Trover Group*, 2015 WL 11117083, at *2. Here, the Court appears to only have Ollie's consent, as Ollie's filed the Motion in the Eastern District of Texas. *See* Dkt. 163. However, there is no order of transfer from the Compliance Court.

Nor does the third exception apply, as it requires (a) the Motion be transferred from the Compliance Court and (b) exceptional circumstances be present, such as mid-case forum shopping, an issue in the subpoena-related motion that has already been presented to the Issuing Court, a risk

of inconsistent rulings on subpoenas served in multiple districts, or overlapping issues between the subpoena-related motion and the merits of the underlying action. *See* ARTHUR R. MILLER, 9A FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed.) (April 2021 Update). Here, there appears to be an exceptional circumstance—the Court's familiarity with the issues raised in the subpoena, and its previous decisions addressing similar issues raised in other motions. *See* 2021 WL 1947341. However, even though it appears an exceptional circumstance exists, that is not the Court's finding to make—such a finding belongs to the Compliance Court. Without the Compliance Court's finding of an exceptional circumstance and an order of transfer, the Court cannot rule on the pending Motion. *See Cunningham v. USA Auto Prot., LLC*, No. 4:20-cv-142, 2020 WL 9893049, at *1 (E.D. Tex. Nov. 6, 2020); *HomeVestors of Am., Inc. v. Big State Home Buyers, LLC*, No. 3:18-cv-865-B, 2018 WL 10425909, at *1 (N.D. Tex. June 22, 2018).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds Ollie's Motion (Dkt. 163) is hereby **DENIED**.

**So ORDERED and SIGNED this 8th day of June, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE